IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

MITZI L. DARNELL and
WILLIAM DARNELL,

     Plaintiffs,

v.

MACK G. WEST, individually and
in his official capacity as Mayor of
the City of East Ellijay, Georgia, and
THE CITY OF EAST ELLIJAY, GEORGIA,

     Defendants.

CIVIL ACTION FILE
NO.: 2:10-CV-0281-RWS-SSC

## REPORT AND RECOMMENDATION and ORDER

Before the Court are the motion to dismiss [Doc. 5] filed by Defendant City of East Ellijay, Georgia; the motion for partial dismissal [Doc. 6] filed by Defendant Mack G. West; and the motion for leave to file a sur-reply in opposition to Defendants' motions filed by Plaintiffs Mitzi L. Darnell and William Darnell ("Plaintiffs") [Doc. 26].

## I. Procedural History

On December 30, 2010, Plaintiffs Mitzi L. Darnell ("Ms. Darnell") and her husband William Darnell ("Mr. Darnell") filed a complaint [Doc. 1] against Defendant Mack G. West, the Mayor of the City of East Ellijay, Georgia ("Defendant West" or "Mayor West") and the City of East Ellijay, Georgia ("the City") for violations of federal and state law arising out of Defendant West's alleged

1

sexual harassment of Ms. Darnell while she was employed by the City.  The complaint alleges the following:  Ms. Darnell began working for the City as Court Clerk in April 1994 and was promoted to City Clerk in 1995.  (Doc. 1, Compl. ¶¶ 10, 14).   Between April 1994 and 1998, Mayor West sexually harassed Ms. Darnell, first by making lewd remarks and suggestions, and later by touching her in inappropriate and unwelcome ways, inviting her on vacations and offering her money in exchange for sexual favors.  (Id. ¶¶ 11-15).  Ms. Darnell went on maternity leave sometime in 1998, and she did not return to work at the City until 2003.  (Id. ¶ 15).  In the fall of 2007, following his conviction on certain criminal charges and his acquittal on others, Mayor West resumed both verbal and physical sexual harassment of Ms. Darnell.  (Id. ¶ 16).  In August of 2009, Mayor West "entered Ms. Darnell's office while she was seated at her desk [and] pushed his hand down the back of her pants."  (Id. ¶ 17).  On other occasions following that incident, Mayor West called Ms. Darnell into his office, insisted that the door be closed and then took "the opportunity to touch Ms. Darnell inappropriately." (Id. ¶ 18).  Ms. Darnell went on medical leave in January 2010, returned to work on April 29, 2010 and resigned on May 9, 2010.  (Id. ¶¶ 20-21).

The complaint asserts the following claims: "Defendants, jointly and severally, acted under color of law to deprive Plaintiff Mitzi Darnell of her right not to be sexually harassed by a state official, in violation of the Fourteenth Amendment," as asserted under 42 U.S.C. § 1983 ("§ 1983") (Count One); Defendant West's actions "in touching Plaintiff Mitzi Darnell without permission

2

constitute assault and battery upon her person," in violation of state law (Count Two); Defendant West's actions "toward and respecting Plaintiff Mitzi Darnell constitute an intentional infliction of emotional distress," in violation of state law (Count Three); Defendant West's actions "in keeping Plaintiff Mitzi Darnell at work alone with him, after-hours and within his closed office quarters, constitute false imprisonment," in violation of state law (Count Four); and Defendant West's actions "in sexually harassing Plaintiff Mitzi Darnell have prevented Plaintiff William Darnell from enjoying the full services and affections of his wife," in violation of state law (Count Five). (Doc. 1, Compl. ¶¶ 23-52). Plaintiffs also seek punitive damages and attorneys' fees and expenses from Defendant West for each claim. (See id.).

On February 7, 2011, Defendants filed the pending motions to dismiss [Docs. 5 & 6] as well as an answer to the complaint [Doc. 4]. On March 15, 2011, Plaintiffs filed responses in opposition to the motions to dismiss [Docs. 10 & 11],[1] to which Defendants each filed a reply [Docs. 24 & 25] on April 1, 2011. Plaintiffs filed the pending motion for leave to file a sur-reply, with a proposed sur-reply attached as Exhibit "1," on April 20, 2011 [Doc. 26] and a motion for leave to file an amended complaint, with a proposed amended complaint attached as Exhibit

---

[1] By Order dated March 1, 2011, the undersigned granted Plaintiffs an extension of time to file their responses to the motions to dismiss. [Doc. 8].

The undersigned notes that Plaintiffs' response to the City's motion to dismiss [Doc. 11], not including the certificate of service, is 27 pages long and thus exceeds the page limit allowed for response briefs under LR. 7.1D., NDGa. Plaintiffs are cautioned that the Court may decline to consider future motions or briefs that do not comply with the Local Rules. LR 7.1F., NDGa.

"1," on April 21, 2011 [Doc. 27]. Defendants have not filed responses to either of Plaintiffs' motions.    Plaintiffs' motion to amend their complaint is addressed by separate Order.

## II. **Discussion**

A.    **Defendants' Presentation of Matters Outside the Pleadings [Docs. 24 & 25] and Plaintiffs' Motion for Leave to File a Sur-Reply [Doc. 26]**

In the City's reply brief [Doc. 24], adopted in part by Defendant West in his reply brief [Doc.25], the City refers to certain materials that it has attached as exhibits to support its arguments.    Those exhibits include apparent correspondence between Ms. Darnell and Mayor West and personnel documents (Exhibit 1) and what purports to be a City of East Ellijay employee handbook (Exhibit 2).  (See Attachs. to Doc. 24).  In its brief, the City implicitly concedes that it would be inappropriate for the Court to consider these exhibits in its analysis of the Defendants' motions to dismiss.   (Doc. 24, Reply at 2-3 & n.1) ("[T]he inclusion of this documentation, *if considered by the Court now*, likely morphs the pending motion into one for summary judgment on the items of law raised."). Plaintiffs move the Court for leave to file a sur-reply memorandum in order "to offer their comments concerning the appropriateness of Defendants' submissions [of materials outside the "confines of a Rule 12 (b)(6) motion to dismiss"] as well as any possible conversion of the pending motions into ones for summary judgment." (Doc. 26, Mot. at 1-2).  They contend that any such conversion "should not proceed without adequate notice to the Plaintiffs" pursuant to Fed. R.

4

Civ. P. 12(b) and 56(c).  (Doc. 26, Br. at 2).

A court evaluating a Fed. R. Civ. P. 12(b)(6) motion generally may not consider matters outside the pleadings unless the court treats the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 and gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); see Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1266 n.11 (11th Cir. 1997) ("Under 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint. Once the court considers matters outside the complaint, the 12(b)(6) motion to dismiss converts into a motion for summary judgment.")[1]; see also Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1185 (M.D. Ala. 2000).  The undersigned declines to convert Defendants' motions to dismiss to motions for summary judgment.  Discovery is incomplete in this case; counsel for the parties represented at a July 8, 2011 hearing on a discovery matter that no depositions have yet been taken, and the parties have filed a consent motion to extend the discovery period for four months, i.e., until

---

[1] An exception to this general rule may be made "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim."  Brooks v. Blue Cross & Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).  In that circumstance, "the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  Id. ; see also Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) ("a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed," which means "that the authenticity of the document is not challenged.").  Defendants have not shown that an exception to the rule applies here.

November 8, 2011 [Doc. 39]. Once the parties have completed discovery, the Court will consider a properly supported motion, or motions, for summary judgment. Accordingly, the undersigned will not consider the materials attached to the City's reply in analyzing the Defendants' motions to dismiss. See Doe v. Fulton-DeKalb Hosp. Auth., No. 1:05-CV-2277-TWT, 2006 U.S. Dist. LEXIS 28689, at *4-6 (N.D. Ga. May 2, 2006) (declining to convert defendants' motions to dismiss to motions for summary judgment where defendants submitted affidavits with their motions and plaintiffs submitted several exhibits in response, and noting that "[d]iscovery has not taken place, . . . and the Plaintiffs have thus not had an opportunity to present all material pertinent to a motion for summary judgment").

Because the undersigned declines to convert Defendants' motions to motions for summary judgment and declines to consider the materials attached to the City's reply brief, the undersigned finds it unnecessary to consider Plaintiffs' sur-reply. Therefore, Plaintiffs' motion for leave to file a sur-reply [Doc. 26] is **DENIED as moot** and the undersigned will not consider Plaintiffs' sur-reply (Ex. 1 to Doc. 26) in making this Report and Recommendation.

**B.** <u>**Defendants' Motions to Dismiss [Docs. 5 & 6]**</u>[2]

    **1.**     <u>**Arguments of the Parties**</u>

        **a.**     <u>**Initial Briefs**</u>

The City argues that all of Plaintiffs' claims against it and Mayor West in his official capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for the following reasons: (1) claims against Mayor West in his official capacity are "[r]edundant" of the claims against the City (Doc. 5, Br. at 1 n.1); (2) Plaintiffs have failed to state a § 1983 claim against the City because "[c]onstitutional liability may not be predicated upon a theory of *respondeat superior*" and Plaintiffs have not identified "a municipal custom, policy or practice [that] is the moving force behind the alleged violation of Plaintiffs' constitutional rights" (<u>id.</u> at 3-4); (3) "[n]early [a]ll of Plaintiffs' [f]ederal [c]laims" are barred by the applicable two-year statute of limitations (<u>id.</u> at 4); (4) claims for punitive damages against the City pursuant to § 1983 "are impermissible" (<u>id.</u> at 5); (5) Plaintiffs failed to plead or

---

[2] As noted, *supra*, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docs. 5 & 6] were filed the same day as their answer to Plaintiffs' complaint [Doc. 4]. Fed. R. Civ. P. 12(b) provides that "[a] motion asserting any of these defenses [listed in 12(b)] must be made before pleading if a responsive pleading is allowed." A motion to dismiss that is made after or in conjunction with a pleading is properly analyzed as a Rule 12(c) motion for judgment on the pleadings. See <u>Pfister v. Arceneaux</u>, 376 F.2d 821, 822-23 (5th Cir. 1966), <u>cert. denied</u>, 389 U.S. 986 (1967). Because the standards for dismissing claims pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) are the same, <u>see</u> <u>Roma Outdoor Creations, Inc. v. City of Cumming</u>, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." (internal quotation omitted)), the undersigned will treat the motion to dismiss as having been filed first and analyze it, as the parties do, under Rule 12(b). <u>See, e.g.</u>, <u>Heckler & Koch, Inc. v. Coharie Arms, Inc.</u>, No. 1:09-cv-0184-RLY-JMS, 2010 U.S. Dist. LEXIS 23460, at *2-3 n.1 (S.D. Ind. Mar. 12, 2010) (considering whether to treat a motion to dismiss filed on the same day as an answer as a motion for judgment on the pleadings and noting, "the standards for dismissal under FED. R. CIV. P. 12(c) and FED. R. CIV. P. 12(b)(6) are essentially the same, and thus, since the Answer was technically filed after the motion to dismiss, the court treats the motion as the parties do -- as one to dismiss under FED. R. CIV. P. 12(b)(6)").

provide the required *ante litem* notice to the City of their state law claims and "the majority" of those claims are time-barred (id. at 5-6 & n.2); and (6) "it is against the public policy of the State of Georgia to permit punitive damages claims against governmental entities" (id. at 6).

Defendant West argues that partial dismissal of Plaintiffs' claims against him is warranted because "[t]he vast majority" of the claims "fall well outside the two-year statue of limitations applicable to both the federal and state law claims." (Doc. 6, Br. at 2). He urges the Court to dismiss "[a]ll claims found in ¶¶ 10-16, and 19" of the complaint on statute of limitations grounds. (Id. at 3).

### b. Response briefs

With respect to the City's motion, Plaintiffs respond first that they do not seek to hold the City liable for their § 1983 claim on a *respondeat superior* theory. (Doc. 11, Resp. at 10). Rather, they contend, they have alleged a "course of conduct practiced by The City's chief executive officer" who had "the power to hire and fire" and "whose 'acts may fairly be said to represent official policy,' thereby triggering liability for the City as an entity." (Id. at 11-12 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978))). Second, Plaintiffs argue that their 14th Amendment/§ 1983 sexual harassment claim is not barred by the applicable two-year statute of limitations  because at least one of the acts they have alleged took place in August 2009, well within two years of their December 30, 2010 complaint, and the acts of harassment they have alleged are part of a single unlawful employment practice. (Doc. 11, Resp. at  16-24). Third, Plaintiffs argue that they

8

do not seek punitive damages against the City for either their federal claim or their state law claims. (<u>Id.</u> at 25, 26). Fourth, they argue that they are not asserting their state law claims against the City and thus no *ante litem* notice was required. (<u>Id.</u> at 25-26).

With respect to Defendant West's partial motion to dismiss, Plaintiffs argue that they have sufficiently pled their state law claims against Defendant West, under the standards set out in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), in that they have alleged conduct that took place in August 2009 and thereafter, well within Georgia's two-year statute of limitations for personal injury claims and within the four-year statute of limitations applicable to loss of consortium claims in Georgia. (Doc. 10, Resp. at 7-13). Plaintiffs also contend that Defendant West is liable for conduct pre-dating December 30, 2008, i.e., conduct alleged to have occurred more than two years before the complaint was filed, because such conduct is "treated as part of a single unlawful employment practice." (<u>Id.</u> at 13-20).

### c. <u>Replies</u>

In reply, the City argues, among other things, that "for liability [for Defendant West's actions] to attach [to the City] . . . , Mayor West would have to be said to be the final policy maker with respect to the terms and conditions of Darnell's employment" but "[t]his is not the case" because even though he had the power to "hire or fire," City employees can appeal employment decisions to the City Council. (Doc. 24, Reply at 6-7). Furthermore, the City argues, Plaintiffs

have not alleged any wrongdoing on the part of the City, Mayor West's alleged acts of harassment do not amount to a custom, practice or policy of the City, and a municipality is protected from § 1983 liability for the unconstitutional acts of "one bad apple." (Id. at 9 (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985)). Finally, with respect to its statute of limitations arguments, the City contends that the "single unlawful employment practice" Ms. Darnell is alleging was severed by her repeated resignations and a four-year period of "no misconduct whatsoever," all of which add up to nine consecutive years of no harassment. (Doc. 24, Reply at 12-14). In support of its contention that Ms. Darnell repeatedly quit her job, the City cites to various documents attached to its reply as exhibits, which the undersigned has declined to consider, for the reasons discussed *supra*.

In his reply, Defendant West adopts the City's statute of limitations arguments in its reply brief and reiterates his contention that most of Plaintiffs' claims against him are barred by the statute of limitations. (Doc. 25, Reply at 1-2).

## 2. <u>Issues That Can be Resolved Without Discussion</u>

In light of Plaintiffs' responses to Defendants' motions to dismiss, the undersigned **RECOMMENDS** the following:

(1) that Defendants' motion to dismiss any claims against Defendant West in his official capacity be **GRANTED**, because Plaintiffs' § 1983 claim against Defendant West in his official capacity is redundant of his § 1983 claim against

the City,[3] see Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), and because Plaintiff has not asserted any state law claims against the City, including by way of claims against Defendant West in his official capacity;

(2) that the City's motion to dismiss Plaintiffs' punitive damages claims against it under federal and state law be **GRANTED**, because Plaintiffs are not asserting such claims; and

(3) that the City's motion to dismiss Plaintiffs' state law claims against it be **GRANTED**, because Plaintiffs are not asserting such claims.

### 3.  Remaining Issues

The issues remaining for decision are whether Plaintiffs have stated a § 1983 claim against the City and whether some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### a.  Failure to State a Claim

### (1)    Applicable Standards

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] To be clear, the undersigned is NOT recommending dismissal of Plaintiffs' § 1983 claim against Defendant West in his **personal** capacity.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.").  Nor, for the reasons discussed in the body of this Report, *infra*, is the undersigned recommending dismissal of Plaintiffs' § 1983 claim against Defendant City, or partial dismissal of Plaintiffs' § 1983 claim against Defendant West on a statute of limitations ground.

plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted); see also Boyd v. Peet, 249 F. App'x 155, 157 (11th Cir. 2007) (unpublished decision) (explaining, on review of the district court's order granting a motion for judgment on the pleadings, "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed," and citing Twombly, 550 U.S. at 555).

Section 1983 of Title 42 of the United States Code provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

"Section 1983 does not create any substantive federal rights in and of itself; it is merely a vehicle to bring such suits." Doe v. Sch. Bd., 604 F.3d 1248, 1265 (11th Cir. 2010). Thus, "a § 1983 plaintiff must allege a specific federal right violated by the defendant." Id.

Ms. Darnell alleges that Defendants "deprive[d] [her] of her right not to be sexually harassed by a state official, in violation of the Fourteenth Amendment to the United States Constitution." (Doc. 1, Compl. ¶ 24). Such a claim is cognizable under § 1983. See, e.g., Cross v. Ala. Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1507-08 (11th Cir. 1995) (addressing Appellees' § 1983 claim that supervisor violated their 14th Amendment equal protection rights and stating, "Appellees have a constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment."). The issue Defendant City has posed is whether Plaintiffs' complaint sufficiently states a basis on which the City could be held liable under § 1983 for the conduct of Defendant West.

"The law is clear that a municipality cannot be held liable for the actions of

its employees under *§ 1983* based on a theory of respondeat superior." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001) (citing Monell, 436 U.S. at 694), cert. denied, 535 U.S. 1033, 1034 (2002).  "Rather, only deprivations undertaken pursuant to governmental 'custom' or 'policy' may lead to the imposition of governmental liability."  Griffin, 261 F.3d at 1307 (citing Floyd v. Walters, 133 F.3d 786, 793 (11th Cir. 1998)).

> [A p]laintiff may demonstrate that a policy or custom exists by identifying: (1) an officially promulgated policy; (2) an unofficial custom or practice shown through repeated acts of a final policymaker, *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc); or (3) an action by a decisionmaker who "possesses *final authority* to establish *municipal policy* with respect to the action ordered." *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003).

Demmons v. Fulton County, No. 1:09-CV-2312-TWT-WEJ, 2010 U.S. Dist. LEXIS 90829, at *46-48 n.43 (N.D. Ga. Aug. 2, 2010), adopted by 2010 U.S. Dist. LEXIS 88380 (N.D. Ga. Aug. 25, 2010) (internal quotation omitted). "A custom or practice, while not adopted as an official formal policy, may be so pervasive as to be the functional equivalent of a formal policy." Grech, 335 F.3d at 1330 n.6. Thus, a municipality may be held liable for such a custom "even though [it] has not received formal approval through the body's official decisionmaking channels." Griffin, 261 F.3d at 1308 (internal quotations omitted).  Furthermore, a local government body's failure to correct the unconstitutional actions of its employees can amount to a custom or policy if it "tacitly authorizes these actions or displays deliberate indifference towards the misconduct." Id. (internal quotation omitted).

14

### (2)   **Discussion**

Taking the allegations in Plaintiffs' complaint as true, <u>Iqbal</u>, 129 S. Ct. at 1949 ("for the purposes of a motion to dismiss we must take all of the factual allegation in the complaint as true"),the undersigned finds that Plaintiffs have, just barely, sufficiently pled a § 1983 claim against the City to withstand a motion to dismiss for failure to state a claim.  Plaintiffs named "MACK G. WEST . . . as Mayor of the City of East Ellijay, Georgia" as a defendant; they allege that Plaintiff reported directly to Defendant West and he was her supervisor (Doc. 1, Compl. ¶ 10); they allege that Defendant West engaged in numerous acts of verbal and physical sexual harassment of Ms. Darnell, beginning in 1994 and continuing for an unspecified period of time before she left her employment "on an extended maternity leave" in 1998 (<u>id.</u> ¶¶ 11-15); they allege that in 2003 Defendant West asked Ms. Darnell to return to work for the City as Court Clerk and she accepted the position (<u>id.</u> ¶ 15); they allege that Defendant West's harassment of Ms. Darnell resumed in 2007, that in August 2009 Defendant West "pushed his hand down the back of her pants" while she was seated in her office and that thereafter she "requested that other workers not leave her alone at the office with the Mayor if it was at all possible" but he then began to call her into his office for work assignments, insist that the door be closed and then take the opportunity to touch her inappropriately (<u>id.</u> ¶¶ 16-18).  From these facts, the Court may "draw the reasonable inference" that as Mayor, Defendant West was the final policymaker with respect to employment decisions (including supervisory and hiring decisions)

concerning Ms. Darnell and that his repeated acts of sexual harassment amounted to an unofficial custom or practice of sexual harassment such that the City "is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; see also Grech, 335 F.3d at 1329.  The undersigned emphasizes that this is not a finding that Mayor West is a "final policymaker" with respect to his alleged repeated acts of harassment but rather that Ms. Darnell's allegations that he is are sufficient to state a claim for relief under § 1983.  See Ogden v. Hillsborough Cnty., No. 8:08-cv-1187-T-26TBM, 2008 U.S. Dist. LEXIS 59601, at *4 (M.D. Fla. July 24, 2008) (denying county's motion to dismiss § 1983 sexual harassment claim and noting that "whether Plaintiff can demonstrate that White [the county commissioner alleged to have subjected her to sexual harassment] is an 'official policymaker' with regard to his decision to terminate Plaintiff is for another day within the context of a fully developed record in light of the guiding principles of *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123[] . . . (1988)).

Accordingly, the undersigned **RECOMMENDS** that the City's motion to dismiss Plaintiffs' § 1983 claim (Count One) for failure to state a claim be **DENIED**.

### b.   <u>Statute of Limitations</u>

#### (1)   <u>§ 1983 Claims</u>

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th

16

Cir.) (citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 275-76 (1985)), <u>cert. denied</u>, 553 U.S. 1098 (2008).   O. C. G. A. § 9-3-33 provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues . . . ." Thus, Plaintiff was required to bring her § 1983 sexually hostile work environment claim within two years of the accrual date.[4]   <u>See</u> <u>Coates v. Natale</u>, No. 5:09-cv-423 (CAR), 2010 U.S. Dist. LEXIS 17838, at *16-17 (M.D. Ga. Mar. 1, 2010), <u>aff'd</u>, 409 F. App'x 238 (11th Cir. 2010) (per curiam unpublished decision).

In <u>National Railroad Passenger Corporation v. Morgan</u>, 536 U.S. 101, 104-05 (2002), a case in which the plaintiff alleged, among other things, that he "had experienced a racially hostile work environment throughout his employment" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Supreme Court considered "whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside the statutory time period" of either 180 or 300 days for filing an administrative charge with the Equal Employment Opportunity Commission.   The Court explained:

> A hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). . . . It does not matter, for purposes of the statute, that some of the component acts of the hostile work

---

[4] "It has long been the law of this Circuit that in § 1983 actions 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " <u>McNair</u>, 515 F.3d at 1173 (quoting <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987)).   "Under § 1983, claims accrue when:   (1) the plaintiff knows or has reason to know that she was injured, and (2) the plaintiff is aware or should be aware of who inflicted the injury." <u>Coates v. Natale</u>, No. 5:09-cv-423 (CAR), 2010 U.S. Dist. LEXIS 17838, at *17 (M.D. Ga. Mar. 1, 2010) (quoting <u>Rozar v. Mullis</u>, 85 F.3d 556, 562 (11th Cir. 1996)), <u>aff'd</u>, 409 F. App'x 238 (11th Cir. 2010) (per curiam unpublished decision).

> environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

Id. at 117. Thus, "a hostile work environment claim should be reviewed in its entirety, so long as one of the events comprising it fell within the statute of limitations." Shields v. Fort James Corp., 305 F.3d 1280, 1281-82 (11th Cir. 2003) (applying Morgan to 42 U.S.C. § 1981 hostile work environment claim). The reasoning of the Court in Morgan applies equally to § 1983 hostile work environment claims. See McCann V. Tillman, 526 F.3d 1370, 1373, 1378-79 & n.10) (11th Cir.) (applying Morgan to 42 U.S.C. §§ 1981 and 1983 hostile work environment claims), cert. denied, 129 S. Ct. 404 (2008); O'Connor v. City of Newark, 440 F.3d 125, 128 (3d Cir. 2006) (finding "persuasive the reasoning of our sister circuits that the distinction between 'continuing violations' and 'discrete acts' is not an artifact of Title VII, but is rather a generic feature of federal employment law," and concluding that "[t]he principles at work in Morgan apply with equal force to § 1983 claims"); Garrison v. Montgomery Cnty. Bd. of Educ., No. 2:05cv549-WHA (WO), 2006 U.S. Dist. LEXIS 13447, at *37-38 (M.D. Ala. Mar. 10, 2006) ("Although Garrison's hostile environment claim is considered under § 1983 and its more liberal statute of limitations, the Court finds that the dichotomy established in Morgan between discrete acts and component acts as part of a hostile environment claim for purposes of determining timeliness is also applicable in defining the type of conduct to be considered as constituting a hostile

environment claim.  Even outside of the Title VII statute of limitations context, the same logic used in *Morgan*, that hostile environment claims are inherently different from discrete acts and therefore treated differently, still applies." (internal citations omitted)).

Defendants do not dispute that the complaint alleges some conduct on the part of Defendant West that falls within the statute of limitations period for Ms. Darnell's § 1983 claim, but they ask the Court to sever and dismiss those allegations of harassing acts that occurred before December 30, 2008.  (Doc. 24, Reply at 11-14).  The basis for their argument is that the "single unlawful employment practice" theory alleged by Plaintiffs fails because Ms. Darnell's employment with the City was interrupted when she quit several times, and even when she was employed, there were lengthy periods during which, by Plaintiffs' own account as set out in the complaint, Defendant West did not engage in any harassment of Ms. Darnell.  (Id.).

As discussed, *supra*, the undersigned will not consider matters outside the pleadings—including the documents Defendants offer to support their contention that Ms. Darnell quit her employment with the City several times—in the analysis of Defendants' motions to dismiss.  Furthermore, the parties have not fully briefed the effect that cessation for a period of months or years of conduct alleged to create an unconstitutional hostile work environment, followed by resumption of the conduct, may have on a statute of limitations defense.  For these reasons, and in light of <u>Morgan</u>, the undersigned declines to decide at this point in the litigation

19

that some of the factual components of Ms. Darnell's sexual harassment claim may not be considered for purposes of determining liability because they fall outside the statute of limitations.  See Morgan, 536 U.S. at 120-21 ("Although many of the acts upon which [plaintiff's] claim depends occurred outside the 300 day filing period, we cannot say that they are not part of the same actionable hostile environment claim"); see also, e.g., Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003) (finding plaintiff's "numerous allegations of harassment constitute an allegation of one unlawful employment practice: the hostile work environment created by the harassing conduct of Blue Circle's employees and customers" and that "[b]ecause Blue Circle concedes that six alleged incidents of harassment occurred within the filing period, the entire time period of the harassment may be considered for the purposes of determining liability" and "Ransom's conduct before June 16, 1998, and the alleged conduct of Johnny, Michael, and Billings are not time-barred").[5]

Accordingly, the undersigned **RECOMMENDS** that Defendants' motion to dismiss Plaintiffs' § 1983 claim (Count One) in whole or in part on statute of limitations grounds be **DENIED**.

### (2)   State Law Claims

Plaintiffs have alleged in their complaint that in August 2009, Defendant

---

[5] The undersigned notes that Morgan's "holding does not leave employers defenseless against employees who bring hostile work environment claims that extend over long periods of time" in that "an employer may raise a laches defense, which bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." 546 U.S. at 121.

West entered Mrs. Darnell's office while she was seated at her desk and pushed his hand down the back of her pants (Doc. 1, Compl. ¶ 17) and that after that incident, Defendant West would call Plaintiff into his office, close the door and touch her inappropriately (id., ¶¶ 18-20).   The undersigned finds that Plaintiffs have alleged occurrences within the 2-years preceding the filing of their complaint that support each of their state law claims.  Thus, as with the § 1983 claim, these claims are not barred by the statute of limitations.  See O. C. G. A. § 9-3-33.

However, any of Plaintiffs' state law claims set out in Counts Two through Four that accrued more than two years before Plaintiffs filed this lawsuit on December 30, 2010 would be barred by the 2-year statute.  Similarly, to the extent Plaintiffs' loss of consortium claim accrued more than four years before Plaintiffs filed this suit, that claim is barred.  See O. C. G. A. § 9-3-33.

Accordingly, the undersigned **RECOMMENDS** that Defendants' motions to dismiss Plaintiffs' state claims in whole or in part as barred by the statute of limitations be **GRANTED in part and DENIED in part**.

### III.  Summary

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant City's motion to dismiss [Doc. 5] be **GRANTED in part and DENIED in part** and that Defendant West's motion for partial dismissal [Doc. 6] be **GRANTED in part and DENIED in part**.

It is **ORDERED** that Plaintiffs' motion for leave to file a sur-reply in opposition to Defendants' motions to dismiss [Doc. 26] is **DENIED as moot**.

**IT IS SO REPORTED AND RECOMMENDED AND ORDERED** this 12th day of July, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge